IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JENNIFER JOHNSON, *et al.*,[1]      :

               Petitioners,      :

                      :

          V.      :      NO. 7:25-cv-00162-WLS-ALS

                      :

DISTRICT ATTORNEY      :
JOSEPH MULHOLLAND, *et al.*,      :

                      :

             Defendants.      :
_____:

## ORDER OF DISMISSAL

Petitioner Jennifer Johnson, an inmate in Pulaski State Prison in Hawkinsville, Georgia, has filed a *pro se* petition for a writ of mandamus. ECF No. 1. Petitioner has also filed a motion for leave to proceed *in forma pauperis* ("IFP") and two motions to appoint counsel. ECF Nos. 2, 3, 5. For the reasons set forth below, Petitioner's motion to proceed IFP (ECF No. 2) is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE** because Petitioner has accrued more than three strikes pursuant to 28 U.S.C. § 1915(g), and she has not set forth allegations showing that she is in imminent danger of serious physical injury. Alternatively, the petition is dismissed for failure to state a claim upon

---

[1] Petitioner purports to file this petition on behalf of herself and Christopher B. Mormon. Petitioner is not an attorney and cannot represent Mormon in this matter. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of a prisoner's complaint that sought relief on behalf of the prisoner's fellow inmates). Mormon has not signed the petition or otherwise expressed an intention to proceed with claims in this Court. Therefore, the claims are address only as to Petitioner.

which relief may be granted.  Petitioner's motions to appoint counsel (ECF Nos. 3 & 5) are

**DENIED AS MOOT**.

## MOTION FOR LEAVE TO PROCEED IFP

Federal law bars a prisoner from bringing a "civil action"[2] in federal court *in forma*

*pauperis*

> if [she] has, on 3 or more prior occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a court of the United States that
> was dismissed on the grounds that it is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is known as the "three strikes provision."  Under § 1915(g), a

prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the

grounds that it is frivolous or malicious or fails to state a claim.  *See Medberry v. Butler*,

185 F.3d 1189, 1192 (11th Cir. 1999).  Once a prisoner incurs three strikes, his ability to

proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma*

*pauperis* may not be granted unless the prisoner is under imminent danger of serious

physical injury.  *Id.*

---

[2] Petitions for mandamus qualify as "civil actions" for purposes of 28 U.S.C. § 1915(g). *See, e.g., Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("Allowing prisoners to continue filing actions as they had before the enactment of the [PLRA], merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'" (second alteration in original)); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996) ("[I]f a prisoner, contemplating the filing of a complaint . . . under 42 U.S.C. § 1983, decided to avoid liability for filing fees and instead sought comparable relief by applying for a writ of mandamus directed to a prison official, the PLRA provisions should normally apply.").

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Petitioner has filed multiple federal lawsuits and that at least three of her actions have been dismissed as frivolous. *See, e.g.,* Order Dismissing Compl., *Johnson v. Bainbridge Memorial Hosp. & Manor*, Case No. 1:09-cv-00099-WLS-RLH (M.D. Ga. June 26, 2009), ECF No. 4 (dismissing case as frivolous); Order Dismissing Compl., *Johnson v. Cofer*, Case No. 6:06-cv-00035-WLS (M.D. Ga. June 22, 2006), ECF No. 7 (dismissing case as frivolous); Order Dismissing Compl., *Johnson v. Patel*, Case No. 6:05-cv-00049-HL (M.D. Ga. Dec. 12, 2005), ECF No. 3 (dismissing case as frivolous). Because of this, Petitioner has previously been found to have accrued three strikes under § 1915(g). Order Dismissing Compl., *Johnson v. Reynolds*, Case No. 1:18-cv-00013-WLS-TQL (M.D. Ga. July 10, 2018), ECF No. 13 (dismissing case under the three strikes rule).

Petitioner is thus barred from prosecuting this action *in forma pauperis* unless she is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he issue is whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). To qualify for this exception, a prisoner must allege specific facts, as opposed to "general assertion[s]," that describe an "ongoing serious physical injury or . . . a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* (citation omitted).

Here, Petitioner's allegations relate only to the validity of her conviction and sentence. Nothing in the petition suggests that Petitioner is in imminent danger of serious physical injury. Petitioner, therefore, may not proceed *in forma pauperis* and this action

3

must be dismissed without prejudice to her right to refile with pre-payment of the full $405.00 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)").

Petitioner's motion to proceed *in forma pauperis* (ECF No. 3) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**. Petitioner's motions to appoint counsel (ECF Nos. 2 & 5) are **DENIED AS MOOT**. Alternatively, even if dismissal were not appropriate under the three-strikes rule, the petition would nevertheless be subject to dismissal for failure to state a claim, as discussed below.

## PRELIMINARY REVIEW OF THE PETITION

As noted above, even if Petitioner was permitted to proceed *in forma pauperis*, her petition would still be subject to dismissal. Because Petitioner is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of the petition. *See* 28 U.S.C. § 1915A(a). When conducting a preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may

4

be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In her petition, Petitioner seeks a writ of mandamus requiring District Attorney Joseph Mulholland and Decatur County Superior Court Judge Heather Lanier to vacate Petitioner's criminal conviction and expunge the charge from Petitioner's criminal record. Even when liberally construed, Petitioner's application does not seek relief available from this Court, as the United States District Courts do not have the authority to issue writs compelling action by state officials in the performance of their duties. *See Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam);[3] *see also Lawrence v. Miami-Dade Cnty. State Attorney Office*, 272 F. App'x 781, 781 (11th Cir. 2008) (per curiam) ("Because the only relief [petitioner] sought was a writ of mandamus

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition.").

Additionally, if this Court were to construe the petition as one for a writ of habeas corpus, Petitioner still would not be entitled to proceed. In particular, Petitioner has previously filed a habeas corpus petition in this Court, which was dismissed as untimely. Order Adopting R. & R., *Johnson v. Hickman*, Case No. 6:05-cv-00055-HL (M.D. Ga. June 22, 2006), ECF No. 26. "Before a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).

Were it to be construed as a habeas petition, this pleading would be successive within the meaning of § 2244(b). Moreover, it does not appear, and Petitioner does not allege, that a three-judge panel of the Eleventh Circuit Court of Appeals has authorized this Court to consider a successive habeas petition for her conviction. Without such an order, this Court lacks jurisdiction to consider any successive claims. *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001) (per curiam). Accordingly, this Petition is subject to dismissal pursuant to 28 U.S.C. § 1915A(b).

## CONCLUSION

For the reasons set forth above, Petitioner's motion to proceed IFP is **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

6

Alternatively, the petition is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim because the mandamus relief that Petitioner seeks is not available and the petition will not be construed as a habeas petition because such a petition would be impermissibly successive. Petitioner's motions to appoint counsel (ECF Nos. 3 & 5) are **DENIED AS MOOT**.

**SO ORDERED**, this _30th_ day of March 2026.

_W. Louis Sands_
W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT